# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dustin L. Emmick, Scott A. Roberts and Lisa J. Roberts, Huong Kim Nguyen, Lawrence Johnson and Melodi Johnson, Chad M. Hanson and Rebecca Hanson, Ryan Hanson, Logan W. Rice, Nancy B. Court and Brian E. Court, Chip A. Rice and Linda S. Rice, Bill Bigelow, Rebecca Yarnes and Gerald Yarnes, and Marjorie E. Visker,<br><br>        Plaintiffs,<br><br>v.<br><br>Bank of America, N.A., BAC Home Loans Servicing, LP, Bank of New York Mellon, Mortgage Electronic Registration Systems, Inc., U.S. Bank, National Association, and Peterson, Fram and Bergman, P.A.,<br><br>        Defendants. | Civil No. _____<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Bank of America, N.A. ("BANA"), BAC Home Loans Servicing, LP ("BACHLS"), The Bank of New York Mellon f/k/a The Bank of New York ("BNYM"), and U.S. Bank, National Association ("U.S. Bank") (collectively "Defendants"), hereby remove the above-captioned action from the District Court for the Fourth Judicial District for the State of Minnesota, Hennepin County, to the United States District Court for the District of Minnesota. Removal to this Court is proper on the basis of diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a). In support of this Notice of Removal, the Defendants state as follows:

## THE STATE COURT ACTION

1. Plaintiffs Dustin L. Emmick, Scott A. Roberts and Lisa J. Roberts, Huong Kim Nguyen, Lawrence Johnson and Melodi Johnson, Chad M. Hanson and Rebecca Hanson, Ryan Hanson, Logan W. Rice, Nancy B. Court and Brian E. Court, Chip A. Rice and Linda S. Rice, Bill Bigelow, Rebecca Yarnes and Gerald Yarnes, and Marjorie E. Visker (the "Plaintiffs"), commenced this action in the District Court for the Fourth Judicial District for the State of Minnesota, Hennepin County, Case No. 27-cv-11-7525 (the "State Court Action"), by serving the Summons and Complaint on behalf of themselves, against the Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS"), and the law firm Peterson, Fram and Bergman, P.A. ("PFB").

2. Plaintiffs served the Complaint on BACHLS through its registered agent CT Corporation System Inc., 100 South Fifth Street, Suite 1075, Minneapolis, MN 55402 on April 19, 2011. Service on BANA, BNYM, and U.S. Bank either has not been perfected or was made on or after April 19, 2011.

3. In the Complaint, Plaintiffs seek to quiet title to their properties by alleging that the mortgages on their properties are invalid and voidable, that the Defendants do not have "valid, clear legal title" to the notes securing their mortgage loans, and that the Defendants cannot assert the right to foreclose on their mortgages. Compl. ¶¶ 20-30.

4. The Complaint purports to assert against the Defendants the following twenty-one claims: "The Mortgages are Invalid and Unenforceable" (Count I); "Slander

of Title" (Count II); "Breach of Fiduciary Duty" (Count III); "Defendants are Not Holders of the Original Notes" (Count IV); "Defendants are Not Holders in Due Course of the Original Notes" (Count V); "Due Process Violation" (Count VI); "Defendants Do Not have Legal Standing to Foreclose Mortgages" (Count VII); "Defendants are Not Real Parties in Interest" (Count VIII); "Fraud" (Count IX); "Negligent Misrepresentation" (Count X); "Mortgage Not Properly Perfected" (Count XI); "Third-Party Beneficiary" (Count XII); "Conversion" (Count XIII); "Civil Conspiracy" (Count XIV"); "Unjust Enrichment" (Count XV); "Declaratory Judgment – Original Notes are Void as Negotiable Instrument" (Count XVI); "Equitable Estoppel" (Count XVII); "Qui Tam— Private Attorney General Enforcement of Minn. Stat. §§ 357.18, 508.82, 508A.82" (Count XVIII); "Accounting" (Count XIX); "Demand to Exhibit the Original Note" (Count XX); and "Discharge of Obligation" (Count XXI). Compl. ¶¶ 59-162. As relief, Plaintiffs seek actual damages, declaratory and injunctive relief, and statutory attorneys' fees and costs. *Id., ad damnum* clause.

5. In addition, Plaintiffs make general allegations throughout the Complaint that the Defendants have violated various federal laws, including the Truth in Lending Act and the Home Affordable Modification Program, and that the Defendants' participation in the TARP Capital Purchase Program satisfied Plaintiffs' payment obligations on their respective notes. Compl. ¶¶ 24, 53-58.

6. To date, none of Defendants, nor MERS or PFB, has served an answer or response to Plaintiffs' Complaint in the State Court Action.

## **CITIZENSHIP OF THE PARTIES**

7. The Plaintiffs are citizens of the State of Minnesota. All Plaintiffs are residents of the State of Minnesota, and by filing this action to maintain ownership over their homes, have demonstrated an intent to remain in Minnesota indefinitely. *See* Compl. ¶¶ 1-14 (alleging that all of the Plaintiffs reside in Minnesota); *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768-69 (8th Cir. 2005) ("Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely."); *Klinkhammer v. Anishinabe Legal Servs., Inc.*, No. 08-6320, 2009 WL 2018792, at * 4-5 (D. Minn. Jul. 10, 2009) (intent to remain in one's homestead is evidence of citizenship).

8. Defendant BANA is a national banking association organized under the laws of the United States. BANA's main office, as set forth in its Articles of Association, is Charlotte, North Carolina. Compl. ¶15. For purposes of diversity jurisdiction, BANA is a citizen of North Carolina. 28 U.S.C. § 1332(c)(1); *see Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that a national banking association is a citizen of the state designated in its articles of association as its main office).

9. Defendant BACHLS is a limited partnership and has its principal place of business in Plano, Texas. Compl. ¶16. BACHLS has only two individual partners – BAC GP, LLC, and BANA LP, LLC – and both are Nevada limited liability corporations. BANA LP, LLC and BAC GP, LLC are wholly owned by BANA, a North Carolina citizen. For purposes of determining diversity jurisdiction, the citizenship of a limited liability corporation is determined by reference to the citizenship of its owners. *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir.

4

2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[L]ike limited partnerships and other unincorporated associations or entities the citizenship of an LLC is determined by the citizenship of all of its members."). Therefore, BACHLS is a citizen of North Carolina for diversity purposes.

10. Defendant BNYM is a Delaware corporation with its headquarters and principal place of business located at One Wall Street, New York, NY 10286. Compl. ¶ 17 (wrongly alleging Pittsburgh, PA as BNYM's headquarters). Based on the generic allegations in the Complaint, Plaintiffs are presumably suing BNYM in its capacity as a trustee for certain trusts holding Plaintiffs' home mortgage loans, as successor to the original trustee of those trusts, The Bank of New York. For purposes of diversity, BNYM is a citizen of New York and Delaware because "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Defendant U.S. Bank is a national banking association, organized under the laws of the United States. U.S. Bank's main office, as set forth in its Articles of Association, is in Cincinnati, Ohio. Compl. ¶19. For purposes of diversity jurisdiction, U.S. Bank is a citizen of Ohio. 28 U.S.C. §1332(c)(1); *see Wachovia*, 546 U.S. at 318.

12. On information and belief, MERS is a corporate entity incorporated in Delaware, with its principal place of business in Reston, Virginia. Compl. ¶18. For purposes of diversity, MERS is a citizen of Delaware and Virginia. 28 U.S.C. § 1332(c)(1).

13. On information and belief, the law firm of PFB is a citizen of Minnesota.

## **DIVERSITY JURISDICTION**

14. This Court's jurisdiction must be assessed by examining the Complaint on its face as of the time of filing this Notice of Removal. *See Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 390 (1998) ("[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ("[T]he status of the case disclosed by the plaintiff's complaint is controlling in the case of removal. . . .")); *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009).

15. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount of controversy exceeds $75,000.

16. <u>Complete Diversity Exists</u>: Complete diversity exists because all Plaintiffs and the Defendants and MERS are citizens of different states. *See supra* ¶¶ 7-12.

17. Although PFB is a citizen of Minnesota, it has been fraudulently joined because Plaintiffs assert no claims against PFB. *See supra* ¶ 4.

18. "Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Where "the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

19. Except for the case caption, the Complaint nowhere references PFB. There

6

are no factual allegations or actual claims asserted against PFB. PFB is a defendant in this action in name only, and is not a real party in interest and is not considered for purposes of determining diversity jurisdiction. *Tully v. Bank of America, N.A.*, No. 10-cv-04734-DWF-TNL, at 8 (D. Minn. May 17, 2011) (Frank, J.) (holding sole resident defendant was fraudulent joined where there was "no reasonable basis" or facts alleged in the complaint to support the plaintiffs' claim against the resident defendant); *Cascades Dev. of Minn., LLC v. Nat'l Specialty Ins.*, No. 09-2812, 2011 WL 283918, at *4-5 (D. Minn. Jan. 25, 2011) (holding that a real party in interest is a party entitled to enforce the right asserted, and where the resident defendant was merely an agent and not a party to the underlying transactions, he was a nominal party and disregarded for diversity purposes); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981) (diversity jurisdiction exists and "a court may permit removal if the plaintiff's joinder of [resident] defendants was fraudulent or such defendants are merely nominal parties against whom no real relief is sought."). Merely naming PFB as a defendant fails to defeat diversity jurisdiction. *Schwenn v. Sears, Roebuck & Co.*, 822 F. Supp. 1453, 1455 (D. Minn. 1993) (joining a resident defendant is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant.").

20. PFB's citizenship also must be disregarded because even if an attempted claim had been made against it, that claim would be completely without substance. PFB appears to have been named in this lawsuit because it was retained by Defendants to

7

commence foreclosure actions by advertisement upon the Plaintiffs' properties. However, in acting as foreclosure counsel for Defendants, PFB was "an attorney acting within the scope of [its] employment as attorney [and] is immune from liability to third persons for actions arising out of that professional relationship." *McDonald v. Stewart*, 182 N.W.2d 437, 440 (Minn. 1970); *Maness v. Star-Kist Foods, Inc.*, 7 F.3d 704, 709 (8th Cir. 1993) (same). Therefore, PFB is immune from any cause of action that might have been filed against it by Plaintiffs in its role as foreclosure counsel.

21.   Because the Complaint states no cause of action against PFB, and could not, it has been fraudulently joined and PFB's citizenship shall not be considered for purposes of determining diversity jurisdiction. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) ("Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant."); *Tully*, No. 10-cv-04734-DWF-TNL, at 8.

22.   Complete diversity of citizenship exists pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1). As required by 28 U.S.C. § 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought."

23.   <u>Amount in Controversy</u>. The amount in controversy for removal jurisdiction is determined at the time of removal. *Laughlin James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833-34 (8th Cir. 2005). "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . ." *Bell v. Hershey Co.*, 557 F.3d 953, 958-

59 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (emphasis in original).

24. The amount in controversy exceeds 28 U.S.C. § 1332(b)'s requirement of $75,000, exclusive of interest and costs.

25. Although Plaintiffs include twenty-one causes of action, their claims for relief generally fall into a smaller number of categories. First, Plaintiffs claim that the "original notes are void." *See* Compl., Counts V, IV, XVI, *ad damnum* clause, ¶ E. Second, Plaintiffs claim that the Mortgages on their properties are invalid, and that the Defendants otherwise cannot foreclose on Plaintiffs' properties. *See id.*, Counts I, II, VI, VII, VIII, XI, XVII, *ad damnum* clause, ¶ B (Defendants "have no estate, interest, lien, or lien on the premises."). Third, Plaintiffs claim that they were defrauded into paying interest amounts to the Defendants, and seek repayment of those sums. *See id.*, Count III, IX, X, XIII, XIV, XV, *ad damnum* clause, ¶ F. Plaintiffs further seek recovery of recording fees on behalf of the Minnesota public (Count XVIII); a reduction in their obligations on their Notes in an amount equal to monies paid by the federal government for losses incurred on "PSAs containing Plaintiffs' Original Notes" (Count XII); an accounting of debt owed to the PSA and Certificate Holders (Count XIX); the production of Plaintiffs' Original Note (Count XX); and a discharge of their entire debt obligations (Count XXII). As additional relief, they seek, *inter alia*, a declaration of rights as to the Notes and Mortgages; orders declaring that they own their property, enjoining the Defendants from not recording assignments of securitized loans, and declaring that the

Defendants failed to pay county filing fees; and statutory attorneys' fees and other such relief. *See id., ad damnum* clause ¶¶ A-H.

26. Based on the Complaint's claims and request for relief, the amount in controversy requirement is met in at least two ways:

(a) Plaintiffs' claim that the promissory notes they owe are "void" puts into controversy the outstanding principal balance on each loan. As demonstrated by the Gershon Declaration, attached hereto as Exhibit B, the principal balance owed on each of the loans to each individual Plaintiff exceeds $75,000.

(b) For the same reason, Plaintiffs' claim that the Mortgages are unenforceable puts into controversy more than $75,000. The amount in controversy for a claim of this type is measured by the value of the property and/or the amount of the loan. *See, e.g., Roper v. Saxon Mortgage Services, Inc.*, No. 1:09-CV-312-RWS, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009) ("As Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake."); *Henderson v. Nationstar Mortgage Co.*, No. C07-2039JLR, 2008 WL 302374, at *1 (W.D. Wash. Jan. 31, 2008) (where one of the main purposes of lawsuit is to prevent defendant from going forward with foreclosure sale of property at issue, the amount in controversy is equal to the amount owed on the loan). As demonstrated by the Gershon Declaration, the value of the properties and/or loans for each individual Plaintiff exceeds $75,000. Exhibit B.

27. Furthermore, Plaintiffs allege that they are entitled to declaratory and injunctive relief, and statutory attorneys' fees. The aggregate value of these forms of

relief, as a matter of law, all count toward the jurisdictional amount. 28 U.S.C. § 1332(d); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (in a suit for injunctive relief, the amount in controversy is the value to the plaintiff of the right that is in issue); *Advance Am. Serv. of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173-74 (8th Cir. 2008) (same); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) (statutory attorneys' fees count toward the amount in controversy).

28. Based on Plaintiffs' own allegations, and the various relief sought against Defendants, Plaintiffs have put in excess of $75,000 in controversy for each individual Plaintiff.

## PROCEDURAL REQUIREMENTS

29. <u>Removal to Proper Court</u>. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the District of Minnesota, which is the federal district court embracing the court where the State Court Action was filed.

30. <u>Removal is Timely</u>. The summons and complaint in the State Court Action was received by service upon BACHLS on April 19, 2011, and by other defendants, if at all, on that date or thereafter. Receipt of the summons and complaint was the first notice of the State Court Action and/or federal jurisdiction received by the Defendants. Thus, this Notice of Removal is being filed with the United States District Court for the District of Minnesota within thirty days after receipt by Defendants of the State Court Action summons and complaint. 28 U.S.C. § 1446(b).

31. <u>Pleadings and Process</u>. Copies of all process, pleadings, orders, and other papers or exhibits of any kind on file with the state court are attached hereto as Exhibit A, in compliance with 28 U.S.C. § 1446(a). The Defendants have paid the appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

32. <u>Notice</u>. The Defendants will file, with the Court Administrator for the Hennepin County District Court, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

33. <u>Consent to Removal</u>. MERS has consented to removal of this action. Exhibit C. Consent to removal is not required by PFB for diversity jurisdiction under 28 U.S.C. § 1332(a), because PFB was fraudulently joined. *See supra* ¶ 23. Nevertheless, PFB has consented to removal. Exhibit D.

34. <u>Signature</u>. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed by counsel for the Defendants pursuant to Federal Rule of Civil Procedure 11.

35. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

36. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE

37. In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, the Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, Defendants Bank of America, N.A., Bank of America Home Loans Servicing, LP, Bank of New York Mellon, and U.S. Bank, N.A., respectfully request that this action proceed in the United States District Court for the District of Minnesota, as an action properly removed thereto.

Dated: May 19, 2011                                  **BRIGGS AND MORGAN, P.A.**

By: <u>s/ Mark G. Schroeder</u>
    Mark G. Schroeder (#171530)
    Alan H. Maclin (#66102)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
(612) 977-8400

**Attorneys for Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, Bank of New York Mellon, and U.S. Bank, N.A.**